**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

UNITED STATES OF AMERICA

- against -

IFEANYICHUKWU ERIC ABAKPORO,

Defendant.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/14
```

**MEMORANDUM OPINION**
**AND ORDER**

**S3 12 CR 340 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Following a three-week jury trial, Ifeanyichukwu Eric Abakporo was found guilty on all three counts of the S3 Superseding Indictment (the "Indictment"). Following trial, Abakporo moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, severance from his co-defendant Latanya Pierce, and dismissal of the Indictment in its entirety. On November 25, 2013, I denied all of these post-trial motions. On May 28, 2014, I sentenced Abakporo to a term of 72 months imprisonment. Abakporo now moves for a new trial or acquittal under Federal Rule of Criminal Procedure 33 ("Rule 33") on the basis of newly discovered evidence. For the following reasons, the motion is DENIED.

I.      **BACKGROUND**

The Indictment charges Abakporo and Pierce with one count of conspiring to commit bank fraud in violation of Title 18, United States Code,

1

Section 1349 (Count One), one count of conspiring to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count Two), and one count of bank fraud in violation of Title 18, United States Code, Section 1344 (Count Three).  Counts One and Two charge fraudulent conspiracies in connection with various residential and commercial real estate transactions and mortgage loan applications.

One of the properties included in both conspiracy counts is an apartment building located at 1070 St. Nicholas Avenue.  The government alleged that, in early 2006, Abakporo and Pierce induced Ina McCarther to enter into a contract to sell the property to Top Hill, one of Abakporo's companies, by presenting her with several checks at the closing that they never intended she would keep.  After the closing, McCarther was owed approximately $1.98 million. In August 2006, Top Hill assigned its contract to purchase the property to Creekhill Realty, LLC ("Creekhill"), Pierce's real estate company.  In December 2006, McCarther entered into a purported "private mortgage agreement" with Creekhill for the amount of $1.98 million.[1]  The loan agreement stated: "This loan shall be repaid at $10,000.00 per month interest only until principal amount of $1,988,000 is paid off . . . . Failure to make any monetary payment shall result in

_____

[1] *See* S3 Third Superceding Indictment ¶¶ 6(e), 9(c), 13(d).

2

foreclosure of the property that secures this loan."[2]  Count Three charges a substantive bank fraud offense in connection with a $1.8 million mortgage loan obtained by Creekhill from Washington Mutual Bank, secured by 1070 St. Nicholas Avenue.  The loan application did not disclose Creekhill's outstanding obligation to McCarther.

## II.    LEGAL STANDARD ON RULE 33 MOTION

Rule 33 provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires."  A district court "has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority 'sparingly' and [only] in 'the most extraordinary circumstances.'"[3]

A defendant may move under Rule 33 for acquittal or new trial based on newly discovered evidence within three years after a jury verdict.[4]  A successful Rule 33 motion based on "newly discovered evidence" must demonstrate that "facts are alleged from which the court can infer due diligence on the part of the

---

[2]      Government Exhibit ("GX") 433.

[3]      *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)).

[4]      *See* Fed. R. Crim. P. 33(b)(1).

movant to obtain the evidence" before or during trial.[5]

> When a defendant moves for a new trial on the basis of newly
> discovered evidence, the defendant must satisfy the following
> criteria: (1) the evidence must, indeed, be newly discovered, i.e.,
> discovered after trial; (2) the evidence must be such that it could
> not, with due diligence, have been discovered prior to or during
> trial; (3) the evidence must be material to the issue of guilt, and
> not merely for the purpose of impeaching other testimony; (4) the
> evidence must not be cumulative; and (5) the evidence must be
> such that it would probably lead to acquittal.[6]

The new evidence must be so material that it would "probably" cause a result of

acquittal upon retrial.[7] "The 'ultimate test' is 'whether letting a guilty verdict stand

would be a manifest injustice . . . . There must be a real concern that an innocent

person may have been convicted.'"[8]

## III.   DISCUSSION

Abakporo identifies three pieces of "newly discovered evidence"

based on statements in the government's sentencing papers: (1) that the actual loss

to Washington Mutual arising from the mortgage on 1070 St. Nicholas Avenue

---

[5]      *United States v. Owen*, 500 F.3d 83, 88 (2d Cir. 2007).

[6]      *United States v. Lisyansky*, No. 11 Cr. 986, 2014 WL 1046750, at *1
(S.D.N.Y. Mar. 13, 2014) (quotations omitted). *Accord Owen*, 500 F.3d at 88.

[7]      *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 392
(2d Cir. 2001).

[8]      *United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005) (quoting
*Ferguson*, 246 F.3d at 133).

4

was, at most, $175,000; (2) that the private agreement between McCarther and Creekhill was an unsecured loan and not a recorded mortgage; and (3) that the actual losses to Fremont Investment and Loan ("Fremont"), a lender on two other properties included in the conspiracy counts, were limited to nominal amounts representing fees.

As a matter of law, the actual loss amounts cannot be "material to the issue of guilt" and thus, cannot be the basis for granting a new trial or acquittal under Rule 33.[9] The actual losses sustained by Washington Mutual and Fremont are relevant only for purposes of determining the guideline range for sentencing. But actual loss is irrelevant for purposes of liability because actual loss is not an element of bank fraud or wire fraud.[10]

Abakporo argues that the government's "only theory of materiality in

---

[9]    *Lisyansky*, 2014 WL 1046750, at *1. Nor is the information as to actual loss amounts newly discovered, because the actual loss amounts were determined from public records and evidence obtained from the banks and produced in discovery or introduced at trial.

[10]    *See United States v. Barrett*, 178 F.3d 643, 647 (2d Cir. 1999) ("[T]he bank need not be actually victimized as long as a defendant acted with the requisite intent [to victimize the institution by exposing it to actual or potential loss]. Therefore, actual or potential loss to the bank is not an element of the crime of bank fraud but merely a description of the required criminal intent."); *United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996) ("With respect to [wire fraud], the government need not prove that the scheme successfully defrauded the intended victim . . . However, the government must show 'that some actual harm or injury was contemplated by the schemer.'") (quotations omitted).

Count Three of the Indictment was that Abakporo and Pierce concealed th[e]

private mortgage agreement" between McCarther and Creekhill from Washington

Mutual when applying for a mortgage on 1070 St. Nicholas Avenue.[11]  But because

the government now concedes that the purported private mortgage was never

recorded, Abakporo argues that this makes it an unsecured loan "immaterial" to

Washington Mutual because Washington Mutual "would have priority over the

unrecorded promissory note."[12]

      The nature of the private agreement and the fact that McCarther never

recorded the mortgage is not newly discovered evidence.  Recording of mortgages

is a matter of public record.  Abakporo's only argument as to how this information

is newly discovered is that "[i]t was only after trial that the government changed its

position as to the . . . private mortgage agreement."[13]  But the government's trial

position is not evidence.  Abakporo could have, and in fact did, argue at trial that

the agreement was an unsecured loan and was thus immaterial to Washington

_____

[11]    5/8/14 Defendant's Memorandum in Support of Rule 33 Motion for a New Trial or Acquittal, at 5.

[12]    *Id.* at 6.

[13]    *Id*. at 7.

Mutual's lending decision.[14]  The jury did not find this argument credible.

Nor is the nature of the agreement material to the issue of Abakporo's guilt or likely to result in an acquittal.  There was ample evidence in the record that the private agreement between McCarther and Creekhill was material to the bank fraud, including that Creekhill did not disclose the $1.98 million loan or its obligation to pay $10,000 per month to McCarther to Washington Mutual, making Creekhill's representations as to actual total indebtedness and net operating income false.  A reasonable jury could have found that the false representations as to Creekhill's financial obligations were material to Washington Mutual's decision to extend the mortgage, regardless of whether the McCarther agreement was recorded.

## IV.   CONCLUSION

For the foregoing reasons, Abakporo's post-trial motion is denied. The Clerk of the Court is directed to close this motion (Dkt. No. 208).

---

[14]      *See, e.g.,* Trial Transcript at 2064 ("It was not a mortgage. [McCarther] didn't ask for it to be recorded or filed.  She didn't want her lawyer to record it or file it, because he could have. . . . And it was not just some mistake.  It was purposeful.  It's what she wanted, and how she wanted it.") (summation of Lee Ginsberg, counsel for Abakporo).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 9, 2014

## - Appearances -

## For the Government:

Michael D. Lockard
Ryan P. Poscablo
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2193/2634

## For Defendant Abakporo:

Lee A. Ginsberg, Esq.
Nadija Limani, Esq.
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038
(212) 608-0808

## For Defendant Pierce:

Michael T. Cornacchia, Esq.
260 Madison Avenue, 22nd Floor
New York, NY 10016
(646) 839-2538

Jeffrey Hoffman, Esq.
Susan Wolfe, Esq.
Hoffman & Pollok LLP
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 679-2900